# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES ALAN DYER, | ) |
|     Petitioner, | ) ) ) |
| v. | )    Case No. CIV-16-941-C |
| JIM FARRIS, Warden, | ) ) ) |
|     Respondent. | ) |

## O R D E R

Before the Court is Petitioner's Application for Evidentiary Hearing (Application) [Doc. No. 6]. Respondent has addressed Petitioner's Application in the Response [Doc. No. 20] and contends, pursuant to *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011), an evidentiary hearing is not warranted.

Petitioner is an Oklahoma prisoner who brings this action pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence in Case No. CF-2010-17, District Court of Stephens County, State of Oklahoma. Petitioner alleges that "there are several disputed factual allegations that cannot be resolved without an evidentiary hearing." *See* Appl. 4, ¶ 6. According to Petitioner, the state trial court did not adequately review evidence submitted during state post-conviction proceedings. *See id*. Petitioner claims an evidentiary hearing is warranted with respect to his grounds for relief alleging ineffective assistance of trial and appellate counsel, insufficiency of the evidence to support his conviction and other disputed factual matters. *See id*. at 2, ¶ 1; 4-7, ¶¶ 6(a)-(d).

Pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to

determine whether an evidentiary hearing is warranted." The Advisory Committee's Notes to Rule 8(a) make clear, however, that "Rule 8(a) is not intended to supersede the restrictions on evidentiary hearings contained in 28 U.S.C. § 2254(e)(2)." *See* Advisory Committee Notes, 2004 Amendments; *see also Milton v. Miller*, 744 F.3d 660, 672 (10th Cir. 2014) (recognizing that § 2254(e)(2) "restricts the authority of federal courts to grant evidentiary hearings") (citation omitted). Moreover, as Respondent notes, in *Cullen v. Pinholster*, the United States Supreme Court made clear the limitations imposed on the discretion of federal habeas courts to conduct evidentiary hearings. *See id*. 563 U.S. at 185-86.

At this time, Petitioner's request for an evidentiary hearing is denied. The Court has not yet conducted its review of the state-court record, the petition and the briefing of the parties. If appropriate, and following such review, the Court will revisit the issue to determine whether an evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(e)(2).

IT IS THEREFORE ORDERED that Petitioner's Application for Evidentiary Hearing [Doc. No. 6] is denied without prejudice to further consideration by the Court of the issues raised therein as may be appropriate.

IT IS SO ORDERED this 3rd day of January, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE