# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES ALAN DYER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-16-941-C |
| JIM FARRIS, Warden, | ) |
| Respondent. | ) |

## OBJECTION TO PETITIONER'S MOTION TO SUPPLEMENT

The Attorney General of the State of Oklahoma, Mike Hunter, appearing on behalf of the above-named Respondent, files this response in Objection to Petitioner's April 10, 2017, Motion to Supplement the Record with Affidavits.

Petitioner, Charles Alan Dyer, an inmate in the custody of the State of Oklahoma at the Lexington Correctional Center, *pro se*, has filed with this Court a Motion to Supplement Habeas Filing With Affidavits. Petitioner asks to supplement the habeas record with affidavits from Amy Dark and Janet Dyer claiming they were in a meeting with Petitioner and his trial counsel at the start of his third state trial where a plea offer from the State was discussed. Petitioner directs this Court to page 26 of his Brief in Support of Petition for Writ of habeas corpus where Petitioner contended counsel was ineffective in failing to communicate a plea offer.

The affidavits Petitioner offers support an unexhausted claim that Respondent showed would be procedurally barred if Petitioner filed a second post-conviction application (Doc. 20, pp. 55-59). Petitioner is not entitled to supplement the habeas record because he fails to

show the facts underlying the claims would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offenses. *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) (holding that evidence introduced in federal court has no bearing on § 2254(d)(1) review).

The Supreme Court held in *Pinholster* that the AEDPA strongly discourages new evidence being considered in habeas cases:

> Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Id.,* at 437, 120 S. Ct. 1479; see also *Richter,* 562 U.S., at ──, 131 S. Ct., at 787 ("Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"); *Wainwright v. Sykes,* 433 U.S. 72, 90, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing").

*Pinholster*, 563 U.S. at 186.

As shown in Respondent's response to Petitioner's habeas petition, Petitioner's claim of ineffective assistance of counsel regarding the alleged plea bargain was not raised on direct appeal or in his post conviction appeal to the OCCA (Doc. 20, p. 55). As such, Petitioner cannot supplement the record with documents that are not part of the State court

record. The Supreme Court held in *Pinholster*, "Today, we . . . hold that evidence introduced in federal court has no bearing on a § 2254(D)(1) review." *Id.* 563 U.S. at 185. Accordingly, because the affidavits are not part of the State court record they are not properly before this Court as part of the habeas review. *See Moore v. Mitchell*, 708 F.3d 760, 780-784 (6th Cir. 2013) (holding that even if both parties agree to supplementation of the record in a habeas proceeding it must be denied as a habeas court cannot consider additional evidence not presented to the state court); *Ballinger v. Prelesnik*, 709 F.3d 558, 562 (6th Cir. 2013) ("While allowing a Petitioner to supplement an otherwise sparse trial record may be appealing . . . , the plain language of *Pinholster* and *Harrington* precludes it."). Therefore, the record being reviewed in this habeas proceeding "is limited to the record in existence at the same time" the Court of Criminal Appeals made its decision. *Pinholster*, 563 U.S. at 180-182. Accordingly, Petitioner's request to supplement the record must be denied.

## CONCLUSION

For the foregoing reasons, the Respondent contends Petitioner is not entitled to supplement the habeas record in this case with affidavits to support a claim that was never presented in State court, and, therefore, Respondent respectfully requests that Petitioner's Motion to Supplement be denied.

Respectfully submitted,

**MIKE HUNTER**
**ATTORNEY GENERAL**

/s/Donald D. Self
**DONALD D. SELF, OBA # 8062**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921
(405) 522-4534 (FAX)
Service email: fhc.docket@oag.ok.gov
**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

X   I hereby certify that on April 18, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

X   I hereby certify that on April 18, 2017, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Charles Alan Dyer, #659682
LCC Unit 5 H-2-H
P.O. Box 260
Lexington, OK 73051

/s/Donald D. Self
DONALD D. SELF